# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| VERNON WHITE, | : | CIVIL NO. 1:CV-09-2308 |
| Petitioner | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| B.A. BLEDSOE, | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. No.1), filed by Vernon White ("White"), an inmate confined at the United States Penitentiary at Lewisburg ("USP-Lewisburg"), Lewisburg, Pennsylvania. White seeks to proceed in forma pauperis. (Doc. No. 2.) The Court has undertaken preliminary review of the petition, see R. GOVERNING § 2254 CASES R.1(b) (applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court), and, for the reasons set forth below, concludes that the petition is subject to dismissal.

## I.    Background

In the petition White alleges that his constitutional rights have been violated due to his placement in the Special Management Unit ("SMU") program. He claims that although he has filed a challenge to said designation, he has not received a timely response from the Bureau of Prisons. He further alleges that he has a serious medical condition which requires him to seek frequent medical attention. He claims that due to his confinement in the SMU he is not able to seek medical care when he is not feeling well. White also argues that his confinement in the SMU prevents him from receiving programs such as counseling, anger management classes and a drug treatment class, all of which he is required to complete.

## II.     Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement.  Preiser v. Rodriguez, 411 U.S. 45, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993).  "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.'" Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002) (quoting *Powers of Congress and the Court Regarding the Availability and Scope of Review*, 114 Harv.L.Rev. 1551, 1553 (2001)).  However, when seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action. See Leamer, 288 F.3d at 540.  "Habeas corpus is not an appropriate or available federal remedy." See Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Careful review of the petition reveals that White does not seek speedier or immediate release from custody or challenge the legality of his present incarceration.  Rather, he challenges his placement in the SMU program and conditions therein.  He also appears to challenge his access to medical care due to his confinement in the SMU.  Because he is seeking to impose liability due to the deprivation of certain rights and privileges, the appropriate remedy is a civil rights action.  Consequently, the petition will be dismissed without prejudice to any right White may have to reassert his present claims in a properly filed civil rights complaint.

An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

VERNON WHITE, : CIVIL NO. 1:CV-09-2308
    Petitioner, :
                       : (Chief Judge Kane)
    v. :
                       :
B.A. BLEDSOE, :
    Respondent :

# ORDER

**AND NOW**, this 23rd day of December, 2009, in accordance with the attached Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The application to proceed in forma pauperis (Doc. No. 2) is **granted** for the sole purpose of filing the instant action.

2. The petition for writ of habeas corpus (Doc. No. 1) is **dismissed without prejudice**.

3. The Clerk of Court is directed to **close this case**.

                                S/ Yvette Kane
                                YVETTE KANE, Chief Judge
                                Middle District of Pennsylvania